FILED & JUDGMENT ENTERED
Steven T. Salata

Dec 27 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

In re:                              )
                                    )
**KATHLEEN WESTLEY POLKINGHORN,**   )    Chapter 13
                                    )    Case No. 08-31360
              Debtor.               )
_____)

### ORDER OVERRULING OBJECTION TO CLAIM

**THIS MATTER** is before the court upon the debtor's Objection to the Claim of Everhome Mortgage (the "Objection"). In her Objection, the debtor seeks to have the court disallow the entirety of the creditor's arrearage claim of $12,045.17. Because the debtor failed to carry her burden of demonstrating the invalidity of the arrearage, the debtor's Objection is **OVERRULED.** However, in light of the equities and the lack of opposition from or prejudice to the claimant, the court will add the arrearage to the principal balance of the loan.

This is the debtor's second Chapter 13 case in this court. The debtor alleges that during the previous case, Case No. 02-32918, Everhome Mortgage ("Everhome") acquired forced place

insurance for her residence. The debtor claims that Everhome did not notify her of the acquisition of the insurance or of a resulting increase in her monthly mortgage payments. In addition, she asserts that Everhome added late charges and other fees to her account as a result of her failure to pay the increased monthly mortgage payment required by the addition of the insurance cost, even though she regularly made mortgage payments at her pre-petition rate. The debtor alleges that the substantial, undisclosed arrearage that built up over the course of her prior bankruptcy necessitated a second filing soon after the conclusion of the first. In addition, the debtor asserts that Everhome's claim fails to accurately take into consideration the payments she did make on the account. In its response, Everhome incorporates the affidavits of an Everhome employee and an employee of State Farm Insurance.[1] The parties appeared before the court on November 29, 2011. Neither party presented any evidence at the hearing.

The Bankruptcy Code and Federal Rules of Bankruptcy Procedure deal with objections to claims through a burden-shifting process. See In re Hartford Sands, 372 F.3d 637, 640 (4th Cir. 2004). The Code and Rules accord properly filed claims prima facie validity, 11 U.S.C. § 502(a); Fed. R. Bankr.

---

[1] The affidavits were originally filed in a related adversary proceeding between these parties, Adv. Proc. 10-3048, as docket entries 20 and 29 respectively.

2

P. 3001(f), which shifts the burden to the debtor to object to the claim.  See 11 U.S.C. § 502(b); Fed. R. Bankr. P. 3007.  If the debtor successfully carries this burden, the claimant has the final burden of establishing the validity and amount of the claim.  See Hartford Sands, 372 F.3d at 640.

In this case, the debtor does not object to the manner in which Everhome filed its arrearage claim, so the claim is presumed valid.  In order to overcome the claim's prima facie validity, the debtor needed to produce evidence in support of her objection in order to shift the burden back to Everhome.  See id. ("The debtor must introduce evidence to rebut the claim's presumptive validity.")  The debtor did not produce any such evidence, so her objection fails.  While the burden in this case never shifted back to Everhome because of the debtor's failure to carry hers, the court notes that Everhome's affidavits constitute some evidence rebutting the debtor's claims.

At the hearing on this matter, the debtor sought to have the court recognize as a judicial admission a finding of fact from the bankruptcy court in the case of Payne v. Mortgage Electronic Registration Systems, Inc., (In re Payne), 387 B.R. 614, 626-27 (Bankr. Kan. 2008) regarding Everhome's practices concerning escrow shortages while a debtor is in bankruptcy.  However, statements made in one lawsuit cannot serve as a

3

judicial admission in another.  See Facebook, Inc. v. Teachbook.com LLC, No. 11-cv-3052, 2011 WL 4449686, at *4 (N.D. Ill. Sept. 26, 2011).

While the debtor's objection fails, the court is not unsympathetic to the plight of a debtor who successfully completes a Chapter 13 bankruptcy and emerges without the fresh start intended by the bankruptcy system.  After completing her first Chapter 13 plan, this debtor discovered a large mortgage arrearage that developed during bankruptcy, forced her back into bankruptcy, and, since mortgage arrearages must generally be paid in full during a Chapter 13, see 11 U.S.C. § 1322(b)(5), threatens her ability to successfully complete this bankruptcy case.  While recent changes to the Federal Rules of Bankruptcy Procedure and this court's Local Rules should prevent this result in the future, they will not help this debtor.

The court previously mentioned the possibility of reclassifying the mortgage arrearage and moving it to the end of the loan, and Everhome did not oppose this proposed treatment at the hearing.  Accordingly, the debtor's objection is **OVERRULED**, but the $12,045.17 mortgage arrearage claim will be added to the principal balance of the loan rather than being treated as an arrearage under the debtor's Chapter 13 plan.

**SO ORDERED.**

This Order has been signed electronically     United States Bankruptcy Court
The Judge's signature and court's seal
appear at the top of the Order.

4